Reese, J.
delivered the opinion of the court.
Elkins was indicted in the circuit court for Bedford county for a nuisance, by keeping up a fence across the highway, and thereby obstructing the public in the use of it. The proof shows that many years since, a highway established by public authority passed over the ground, across which the fence in question has been built. That a meetinghouse, placed upon an acre of land, owned by the trustees of a church, was not far distant from the highway, and that the worshippers at the church, in. going to and from it, diverged from the public highway, and thus formed a road, somewhat nearer through the church lands, upon which the general travel-ling public chiefly passed, for the last ten years. That about six years since, the fence in question was built across the highway by the former owner of the tract now occupied by the defendant; that since that time the public have exclusively used the new way through the church grounds. The trustees of the church were dissatisfied with this use of their land, but disliked to institute a prosecution on the subject. Defendant has been owner of the premises, of whiqh, the fence across the highway, is a part, for four *544 yeai’s, and two years since was duly notified to remove the obstruction, which he failed to dp.
No change had been made in the highway by public authority. Upon this state of the case, his Honor, the circuit judge, charged the jury, that if from the length of time, the public had used the new way, and the acquiescence of the trustees of the church, taken together, they thought the new way had been dedicated to the public use, then such new way would be substituted for the old highway, and the defendant would not be guilty. The jury found the defendant guilty, and the court refused to grant a new trial. The defendant here objects to the charge of the court above stated, and insists that it was erroneous. And we think it is. But the error is in favor of,, but not against the defendant.
For if, as between the public and the trustees of the church, the circumstances were such, as to amount to a dedication by the trustees to the public of a right of way over the church lands, it would by no means follow from that, that the defendant had thereby acquired a right to close up the pre-existing highway. The grounds and principles upon which such dedication would arise, would by no means operate in deprivation of the public right. In the absence of evidence to show the establishment of a highway by public authority, it is made out at common law by showing that the public have used and enjoyed it, and their actual occupation of it for a considerable space of time, without interruption, affords a strong presumption of a right to use it, and a much shorter period of possession will suffice to indicate a right in the public, than to show that a private person has a right to the estate of which he is possessed. 2 Starkie, 666. But when, by the proper action of public authority, ahighwayi s, as here established, and used, over the lands of a citizen, and he turns aside the public, by obstruction, from its use and enjoyment, the public may, almost at once, perhaps, by force of such circumstances, have the new way dedicated to their use; but does the obstructor, thereby, and eo instanti, become re-invested and free from the easement of the public highway?
What length of forbearance on the part of the public, to prosecute him for the obstruction, or to abate it, will make him cease to be a wrong doer, and conclude [and estop the public . from the assertion of its right? He continues to be a wrong doer, and tlje way obstructed continues to be a public way. Because the *545 public may use the new way, and acquire a right to the new way, they do not thereby lose the right to their old way. When the obstructor of a highway speaks of prescription on his part, or abandonment on the part of the public, he is met by the maxim, nullum, tempus occurrit, &c. See this principle illustrated and enforced by Justice Story, in the case of the United States vs. Hoar, 2 Mason, 312. We are of opinion, therefore, that the verdict and judgment of the circuit court are right, and they are affirmed.